**Makawi Satti HASSAN, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Respondent.**

No. 07–1747–ag.

United States Court of Appeals, Second Circuit.

April 8, 2008.

Barry R. Goldberg, Esq., Goldberg & Kaplan, LLP, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, John C. Cunningham, Senior Litigation Counsel, Norah Ascoli Schwarz, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. ROGER J. MINER, Hon. JOSÉ A. CABRANES and Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Petitioner Makawi Satti Hassan, a native and citizen of Sudan, seeks review of a March 27, 2007 order of the BIA affirming the August 23, 2005 decision of Immigration Judge ("IJ") Joanna Miller Bukszpan, denying Hassan's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Makawi Satti Hassan*, No. A77 936 138 (B.I.A. Mar. 27, 2007), *aff'g* No. A77 936 138 (Immig. Ct. N.Y. City Aug. 23, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 289 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005).

■ We find that substantial evidence in the record supports the IJ's adverse credibility determination. The IJ's credibility finding was based primarily on inconsistencies and omissions in the evidence, including discrepancies between Hassan's testimony and that of his brother Yahya and Hassan's inability to recall details about the political articles he allegedly authored while attending school in India. To form the basis of an adverse credibility determination, a discrepancy or omission must be "substantial" when meas-

ured against the record as a whole. *See Secaida–Rosales v. INS,* 331 F.3d 297, 308–09 (2d Cir.2003). In this case, the IJ identified substantial discrepancies that went to the heart of Hassan's claim. *See id.* at 308.

Hassan testified that he was arrested in October 1995 at a political demonstration which his brother Yahya also attended. However, Yahya contradicted an important detail of Hassan's account when he testified that he had not accompanied Hassan to the demonstration. The IJ properly relied on this inconsistency to support her adverse credibility determination. *See Majidi v. Gonzales,* 430 F.3d 77, 81 (2d Cir.2005) (explaining that inconsistent statements permissibly supported adverse credibility determination where the inconsistencies bore a "legitimate nexus to the applicant's claim of persecution" (internal quotation marks omitted)). In addition, Hassan's inability to discuss the subject matter of the political articles that he allegedly authored cast doubt on the authenticity of his political beliefs. *See Secaida– Rosales,* 331 F.3d at 308. Because Hassan's application for relief was predicated on his allegations that he had been persecuted on account of his political beliefs, it was not error for the IJ to find that Hassan's credibility was undermined by his inability to recall any details at all about the articles he purportedly wrote.

■ Hassan's argument that the IJ erred by failing to analyze the record of his airport interview under the factors set forth in *Ramsameachire v. Ashcroft,* 357 F.3d 169 (2d Cir.2004), is unavailing. As Hassan points out, this Court remanded his case to the BIA in December 2004 pursuant to a stipulation between both parties, and it is true that the stipulated order directed the IJ to consider the factors set forth in Ramsameachire "to the extent that [Hassan's] airport interview [was] relied on for the purpose of a credi-

bility finding." However, the IJ's decision on remand makes clear that her adverse credibility determination was not based to any extent on the airport interview. There was therefore no need for the IJ to analyze the interview under *Ramsameachire.*

Neither did the IJ err in basing her adverse credibility determination in part on Hassan's failure to provide sufficient corroborative evidence. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 341 (2d Cir.2006). An IJ properly may take into account an applicant's failure to corroborate key aspects of his testimony where the absence of corroboration in general makes the applicant unable to rehabilitate testimony that has already been called into question. *See id.* In this case, Hassan's testimony was called into question by the discrepancies between his account of his arrest in October 1995 and his brother's testimony regarding the incident as well as his inability to recall a single detail of the articles he had allegedly written in India. Given these problems with Hassan's testimony, which the IJ had already identified, it was not unreasonable for the IJ to require Hassan to submit additional corroborative evidence to substantiate his claims. *See id.* Because the only evidence of a threat to Hassan's life or freedom depended upon his credibility, the IJ's adverse credibility determination precluded success on his claims for withholding of removal and CAT relief, as well as for asylum. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, Hassan's pending motion for a stay of removal in this petition is DISMISSED as moot.